**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABIMAEL NAJERA, | No. 09-55241 |
| Petitioner - Appellant, | D.C. No. 8:07-cv-00219-R-RC |
| v. | |
| MATTHEW CATES, Secretary of California Department of Corrections and Rehabilitation, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 13, 2011[**]
Pasadena, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and ERICKSON, Chief District Judge.[***]

-----

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for North Dakota, sitting by designation.

Abimael Najera ("Najera") was convicted of second degree murder in a California state court for killing Victor Hernandez ("Hernandez"). He appeals from the district court's denial of his petition for habeas corpus. Certified for appeal is a single issue: "whether trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) for failing to object to the prosecutor's multiple misstatements of the law of voluntary manslaughter." Najera contends that he was prejudiced by his counsel's failure to object to the misstatements, that this prejudice denied him a fair trial, and that the California Court of Appeal's method of determining prejudice was contrary to *Strickland*'s standard for evaluating ineffective assistance of counsel claims under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We do not find his arguments persuasive.[1]

Under AEDPA, Najera's petition may only be granted if the state court's adjudication of his claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of *Strickland*; or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

Here, the Court of Appeal's application of *Strickland* was not unreasonable. First, the court's factual determination that Najera was not entitled to the voluntary manslaughter instructions was reasonable. Our review is limited to whether the Court of Appeal's decision was unreasonable, not whether there was some support for Najera's argument. *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). Reasonable minds could conclude that the passage of time between Najera's argument with Hernandez and Najera's assault on Hernandez precluded giving a sudden passion or heat of passion instruction.

Second, any harm from the Court of Appeal's decision that Najera was not entitled to voluntary manslaughter instructions is dissipated by the facts that the jury was given, and appears to have understood, the voluntary manslaughter instructions, including instructions for heat of passion and sudden quarrel. The jury's appreciation of the instructions is demonstrated by its inquiry during deliberations as to whether the reasonable person standard applied to the provocation, or to the defendant's conduct in response to the provocation.

Finally, Najera's arguments concerning counsel's failure to object to the prosecutor's misstatements are not persuasive because, (a) the jury was given the correct instructions, (b) the jury was instructed that counsel's arguments are not evidence, and (c) the jury's inquiry during deliberations as to the application of the

3

reasonable person standard demonstrates that the jury was not misled by the alleged misstatements.

Because Najera has not shown that the California Court of Appeal erred in concluding that he was not prejudiced by his counsel's failure to object to the prosecutor's misstatements under *Strickland*, 466 U.S. at 687, Najera is not entitled to relief under AEDPA. *See* 28 U.S.C. § 2254(d); *see also Andrade*, 538 U.S. at 70; *Richter*, 131 S. Ct. at 786-87.

**AFFIRMED**.